IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMBER BRYANT,<br><br>                 Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]<br><br>                 Defendant. | **MEMORANDUM DECISION**<br><br>Case No. 2:16-cv-1247-BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Amber Bryant ("Plaintiff") seeks judicial review[2] of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act[3] and supplemental security income under Title XVI.[4] After careful consideration of the record and the briefs filed by counsel, the Court has determined that oral argument is unnecessary and decides this case based on the record before it. For the reasons, set forth below, the Court AFFIRMS the decision of the Administrative Law Judge ("ALJ").

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* Docket no. 22.

[2] Pursuant to 42 U.S.C. § 405(g).

[3] 42 U.S.C. §§ 401-434.

[4] 42 U.S.C. §§ 1381-1383f.

# BACKGROUND[5]

On January 7, 2013, Plaintiff filed her application for disability insurance benefits, and on June 19, 2014, she filed her application for supplemental security income, both applications alleging a disability onset date of June 11, 2011. Her application was denied and a hearing was held before the ALJ on June 2, 2015. The ALJ rendered an unfavorable decision finding Plaintiff not disabled within the meaning of the Act.[6] Plaintiff requested review by the Appeals Council, and her request was denied on October 19, 2016,[7] making the ALJ's decision final for purposes of review.[8]

The ALJ determined that Plaintiff had severe impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and obesity.[9] The ALJ determined that Plaintiff did not meet or equal a Listing and that Plaintiff had the RFC to perform a range of sedentary work, with additional limitations.[10] Plaintiff is capable of performing past relevant work as a payroll clerk and administrative assistant.[11] Finally, the ALJ concluded that Plaintiff has also acquired work skills from past relevant work that are

---

[5] The parties set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in specific detail here. Rather, the Court notes those items that are pertinent within its decision.

[6] *See* Tr. at 19-30. "Tr." refers to the official transcript of the record before the Court.

[7] Tr. at 1-3.

[8] 20 C.F.R. § 404.981.

[9] Tr. at 22.

[10] Tr. at 23-25.

[11] Tr. at 28.

transferable to other occupations with jobs existing in significant numbers in the national economy.[12] Thus, the ALJ found Plaintiff non-disabled.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[13] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[14] "It requires more than a scintilla, but less than a preponderance."[15]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[16] "In addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."[17] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[18] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[19] Where the evidence as a whole can support either

---

[12] Tr. at 29.

[13] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

[14] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[15] *Id.*

[16] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

[17] *Id.* at 1010.

[18] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[19] *Lax*, 489 F.3d at 1084 (citation omitted).

3

the agency's decision or an award of benefits, the agency's decision must be affirmed.[20] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[21]

## ISSUE

In this appeal Plaintiff argues the ALJ erred by failing to give sufficient weight to the opinion of the consultative examiner, and that the ALJ's rational for rejecting the consultative examiner's opinion is not supported by substantial evidence.[22]

## DISCUSSION

The ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[23] "Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."[24] In determining whether to give a medical opinion controlling weight an ALJ "must first considered whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" If the medical opinion is not given controlling weight, the ALJ still needs to consider the following factors:

---

[20] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[21] *Lax*, 489 F.3d at 1084 (citation omitted).

[22] Docket no. 18, p. 3.

[23] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citations omitted).

[24] *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (internal citations omitted) (emphasis in original).

4

> (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[25]

After considering these factors, "the ALJ must 'give good reasons in [the] . . . decision' for the weight [she] ultimately assigns the opinion."[26] Further, the ALJ "is required to evaluate a medical opinion for a non-treating physician using the same factors applicable to treating physician opinions."[27] If the ALJ rejects a medical opinion, she must offer "specific, legitimate reasons" for doing so.[28]

Here, although the ALJ did not give controlling weight to Plaintiff's treating physicians, Plaintiff focuses her argument on the ALJ's discounting of the consultative examiner, Dr. Khalid, who issued the most favorable opinion related to Plaintiff's alleged disability. Plaintiff alleges the ALJ erred in discounting Dr. Khalid's opinion, and giving great weight to the non-examining state agency consultants. Plaintiff also argues that the ALJ erred in providing her own interpretation of the medical record, rejecting an uncontradicted consultative opinion, and misstating the record.

This Court, after reviewing the parties' briefs, the ALJ's decision, and the medical records, finds that the ALJ applied the correct legal standards and her findings are supported by

---

[25] *Watkins*, 350 F.3d at 1301 (citations omitted).

[26] *Id*.

[27] *Sitsler v. Astrue*, 410 F. App'x 112, 119 (10th Cir. 2011) (citation omitted).

[28] *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) (*quoting Miller v. Charter,* 99 F.3d 972, 976 (10th Cir. 1996))*; see also Doyal v. Barnhart,* 331 F.3d 758, 762 (10th Cir. 2003) (ALJ must "provide specific, legitimate reasons for rejecting" opinion of non-treating physician).

substantial evidence. Admittedly, the ALJ's decision does contain several typos and erroneous citations to the record, these errors however do not take away from the substantial evidence that supports the ALJ's finding of non-disability, and such typographical errors are harmless to the overall analysis.

The record contains medical records from Plaintiff's treating physicians in addition to an examining consultative examiner (Dr. Khalid) and non-treating evaluators; however, Dr. Khalid's opinion is the only opinion in the record that would support a finding of disability. Plaintiff maintains that this opinion was improperly discounted.

First, Plaintiff argues that the ALJ did not follow the regulations related to assigning weight to medical opinion evidence. Specifically, that the ALJ should not have given the non-examining state agency consultants greater weight than Dr. Khalid who had the opportunity to examine Plaintiff. As stated above, the ALJ must consider six factors for *all* non-treating medical opinions. The ALJ clearly stated that she found that the record was consistent with and supported the opinions of the state agency consultants, and found the opposite with regard to Dr. Khalid's opinion. In discounting Dr. Khalid's opinion, the ALJ cited to a number of records including Plaintiff's MRI, records from Dr. Mohammad Shoari (discussed later in this decision), and records from Dr. Stacy Bank.

The Court agrees with Plaintiff that the ALJ erred in her citation to a partial MRI report located at Tr. 729, as the whole report is located at Tr. 545-46. The full report impression states "multilevel lumbar spondylosis with mild multilevel spinal and foraminal stenosis … foraminal stenosis is most pronounced at L4-L5."[29] This report was available to Plaintiff's treating

---

[29] Tr. 546.

physicians who made various recommendations thereafter of pain management,[30] surgery consultation,[31] injections,[32] physical therapy,[33] and various pain medications.[34] Dr. Corson in discussing whether Plaintiff's symptoms would render her disabled stated "[w]ith MRI findings, prior benefit from injections, weight loss, PT, I think [Plaintiff] will regain function."[35] Opinions by those physicians are noted and relied upon by the ALJ in discounting Dr. Khalid's opinion,[36] thus any error in citation or review of the MRI were harmless to the ALJ's conclusion. Considering the fact that the state agency opinions were consistent and supported by the record as a whole, the ALJ was correct in giving the state agency opinions greater weight and discounting Dr. Khalid's opinion.

Second, Plaintiff argues that the ALJ made errors of fact by making independent medical findings, rejecting Dr. Khalid's "uncontroverted" opinion, and misstating the medical record. Plaintiff focuses on the ALJ's mention of Dr. Shoari's EMG testing results as making an independent medical finding. However, Plaintiff ignores the ALJ's next paragraph describing Dr. Shoari's follow-up with Plaintiff a year later—noting Plaintiff's "muscle tone, muscle strength, reflexes, and sensation in both the upper and lower extremities were found to be normal."[37] The findings of this physical exam are consistent with the record as a whole, and

---

[30] Tr. 881.

[31] Tr. 885.

[32] Tr. 759.

[33] Tr. 759, 883.

[34] Tr. 881, 883, 885.

[35] Tr. 759.

[36] *See* Tr. 24 and 27.

[37] Tr. 24; *see also* Tr. 858 ("Tone was normal in both upper and lower extremities. There was no cogwheel rigidity or spasticity. There was no atrophy or abnormal movements . . . . Strength examination

inconsistent with Dr. Khalid's opinion. The Court finds that the ALJ did not make any independent medical findings in her Listing analysis or RFC determination and properly relied on the medical records and opinions presented.

Plaintiff further argues that the ALJ erred by rejecting Dr. Khalid's "uncontroverted opinion." The Court disagrees. The ALJ noted several opinions which were inconsistent with Dr. Khalid's: Dr. Shoari's follow-up (mentioned above) that Plaintiff's physical exam was normal or Dr. Bank's finding that Plaintiff would have difficulty walking long distances or climbing stairs (but not totally disabled). These opinions are supported by the record as a whole. The ALJ acknowledged Plaintiff's severe impairments in her decision, and accounted for such findings with a RFC for sedentary work with additional limitations, but did not find that the record supported a finding of disability. Finally, based on the foregoing, this Court does not find that the ALJ misconstrued the record with regard to any substantive evidence, and any clerical errors do not impact the substance of the ALJ's decision as addressed above.

---

5/5 with left hip flexion [o]therwise was normal in both upper and lower extremities. . . . Reflexes were symmetric in both upper and lower extremities in the range of 2+. . . . Sensory examination was intact to light touch, pinprick, vibratory and proprioception in both upper and lower extremities. . . . The patient's gait was normal.")

**ORDER**

Accordingly, this Court finds that the ALJ's decision shall be AFFIRMED as the correct legal standards were applied and the factual findings are supported by substantial evidence in the record. The Clerk of Court is directed to close this case.

DATED this 5 February 2018.

Brooke C. Wells
United States Magistrate Judge